1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GUADALUPE JAIME RAMOS,               1:09-cv-00623-AWI-DLB (HC)

10                    Petitioner,        FINDINGS AND RECOMMENDATIONS
                                         REGARDING RESPONDENT'S MOTION TO
11         v.                            DISMISS

12                                       [Doc. 11]
   JAMES YATES, Warden
13
                      Respondent.
14  _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18                                    BACKGROUND

19        Petitioner was convicted of second degree murder.  After finding a number of sentencing

20  enhancements to be true, Petitioner was sentenced to an indeterminate term of thirty years to life.

    (Lodged Doc. No. 1.)
21
          On August 24, 1998, the California Court of Appeal, Fifth Appellate District, affirmed
22
    the judgment.  (Lodged Doc. No. 2.)  The California Supreme Court denied review on November
23
    4, 1998.  (Lodged Doc. Nos. 3-4.)
24
          Petitioner subsequently filed three pro se state post-conviction collateral petitions
25
    challenging the pertinent judgment.
26
          The first petition was filed in the Fresno County Superior Court on May 20, 2008.
27
    (Lodged Doc. No. 5.)  The petition was denied on June 20, 2008.  (Lodged Doc. No. 6.)
28

1    The second petition was filed on July 15, 2008, in the California Court of Appeal, Fifth

2    Appellate District.  (Lodged Doc. No. 7.)  The petition was denied on July 24, 2008.  (Lodged

3    Doc. No. 8.)

4    The third petition was filed in the California Supreme Court on August 13, 2008.

5    (Lodged Doc. No. 9.)  The petition was denied on February 11, 2009.  (Lodged Doc. No. 10.)

6    Petitioner filed the instant federal petition on April 8, 2009.  (Court Doc. 1.)  Respondent

7    filed the instant motion to dismiss on June 10, 2009.  (Court Doc. 11.)  Petitioner filed an

8    opposition on July 1, 2009, and Respondent filed a timely reply on September 8, 2009.  (Court

9    Docs. 13, 18.)

10                                              DISCUSSION

11   A.      Procedural Grounds for Motion to Dismiss

12   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

13   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

14   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

15   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

16   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

17   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

18   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

19   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

20   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

21   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

22   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

23   Supp. at 1194 & n. 12.

24   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

25   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

26   to dismiss pursuant to its authority under Rule 4.

27   B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

28   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

2

of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 8, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the California Supreme Court denied review on November 4, 1998. (Lodged Doc. No. 4.)  Direct review became final on February 2, 1999, when the ninety day time frame to file a petition for writ of certiorari expired.  Cal. Rules of Court, Rule 8.264 and 8.500 (former Rules 24 and 28).  Therefore, the one year limitations period began on the following day, February 3, 1999, and absent tolling, was set to expire on February 2, 2000.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil

3

Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

At the time Petitioner filed his first collateral petition in the Fresno County Superior Court on May 20, 2008, the limitations had expired over eight years earlier.  Therefore, the first through third petitions do not serve to toll the limitations period.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Moreover, the Fresno County Superior Court denied the first petition with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).  (Lodged Doc. No. 6.)  In denying the third petition, the California Supreme Court also cited to Robbins.  (Lodged Doc. No. 10.)  Therefore, the first and third state petitions were not properly filed for purposes of section 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 414-415 (2005) (holding a petition for writ of habeas corpus rejected by a state court as untimely is not "properly filed" within the meaning of the statutory tolling provisions of AEDPA); Thorson v. Palmer, 479 F.3d at 645 ("[t]he Court's summary order cites the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings. See Robbins, 18 Cal.4th at

4

1   780, 77 Cal.Rptr.2d 153, 959 P.2d 311.").   In addition, the second petition was denied by the

2   appellate court without comment or citation.  (Lodged Doc. No. 8.)  In such a situation, it is

3   presumed that the court did not silently disregard the last reasoned decision-the denial of the first

4   petition by the Fresno County Superior Court as being untimely.  Cf. Ylst v. Nunnemaker, 501

5   U.S. 797, 803-806 ("[W]here . . .  the last reasoned opinion of the claim explicitly imposes a

6   procedural default, we will presume that a later decision rejecting the claim did not silently

7   disregard that bar and consider the merits.").  Therefore, it is clear that the first through third

8   state court petitions were not "properly filed" and do not provide tolling of the one-year

9   limitations period.  (Lodged Doc. Nos. 5-10.)

10  D.   Equitable Tolling

11          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

12  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

13  stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418; see also Irwin v. Department of

14  Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

15  (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert*

16  *denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

17  tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

18  Enters., 5 F.3d 391, 395 (9th Cir.1993).

19          In his opposition, Petitioner contends that the limitations period should be equitably

20  tolled due to his mental health condition and misadvice from appellate counsel that his claims did

21  not raise federal issues and could not be pursued further.[1]  Each claim will be addressed

22  separately.

23          1.   Misadvice of Appellate Counsel

24          Petitioner contends appellate counsel's advise that his instructional-error claim could not

25  be pursued in the federal system constituted an extraordinary circumstance which prevented

26

27          [1] Respondent correctly points out that the failure to address the merits of the underlying claims does not
    amount to a concession of their validity.  Rather, the motion to dismiss was expressly authorized by the Court's order
28  of April 14, 2009.  (Court Doc. 5.)

1   timely filing.

2          However, counsel's incompetence does not equitably toll the statute because Petitioner

3   had no right to legal assistance when pursuing review of his appeal in the California Supreme

4   Court.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("the right to appointed counsel

5   extends to the first appeal of right, and no further"); Ross v. Moffett, 417 U.S. 600, 610 (1974)

6   (no right to counsel on discretionary appeal to the State Supreme Court).  Likewise, Petitioner

7   has no right to competent counsel in connection with seeking federal habeas review following the

8   denial of a petition for review.  See Pennsylvania v. Finley, 481 U.S. at 556; Jeffers v. Lewis, 68

9   F.3d 299, 300 (9th Cir. 1995) (en banc); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993).

10         Moreover, Petitioner's federal claims were not raised on direct review.  There were only

11  two claims raised on direct appeal and both concern whether the court erred by not instructing

12  sua sponte on the lesser included offense of involuntary manslaughter.  (Lodged Doc. No. 3.)  In

13  the instant federal petition, Petitioner contends that his trial counsel was ineffective, the trial

14  court erred by not instructing sua sponte on the lesser include offense of voluntary manslaughter,

15  and he was denied a competency hearing and civil commitment. (Petition, at 5-6.)  Appellate

16  counsel's advice in her September 30, 1998, letter did not concern the claims presented in his

17  federal petition.  Therefore, the advice given by Petitioner's appellate counsel had no bearing on

18  his ability to file a federal habeas petition.  See Randle v. Crawford, __ F.3d __, 2009 WL

19  2591674 *9 (9th Cir. 2009) (rejecting a claim for equitable tolling based on counsel's negligence

20  where "the alleged negligence of Randle's counsel had little to no bearing on his ability to file a

21  timely federal habeas petition.").

22         In any event, equitable tolling based on counsel's performance is only granted in very

23  limited circumstances.  The Supreme Court has held that in non-capital cases, an attorney's

24  miscalculation of the limitations period and negligence in general is not sufficient to justify

25  equitable tolling.  Lawrence v. Florida, 549 U.S. 327, 336-337 (2007).  Indeed, run-of-the-mill

26  attorney negligence does not warrant equitable tolling of the limitations period.  See Frye v.

27  Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that attorney negligence such as

28  attorney's miscalculation of the limitations period does not warrant equitable tolling).  In Spitsyn

v. Moore, 345 F.3d 796, 800-801 (9th Cir. 2003), counsel's conduct was found to be so egregious to warrant equitable tolling.  There, Spitsyn's counsel was retained to file and prepare a petition, and because he failed to do so and disregarded requests to return files pertaining to the case until well after the limitations period had expired, equitable tolling was justified so long as Spitsyn exercised reasonable diligence in pursuing the matter.

In United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002), the court found that counsel's false representation to his client that a habeas petition had been filed may be sufficient to warrant equitable tolling.  Wynn requested the status of his case from the court and was advised that a petition had not been filed on his behalf by counsel.  After unsuccessful attempts to reach his counsel, Wynn claimed that he sent his father to talk to counsel and counsel told him that he had filed a petition directly with the judge and that was the reason there was no actual court docket.  Based upon these circumstances, the matter was remanded for a hearing to determine the validity of Wynn's claims.

While attorney deception and egregious conduct may be a valid basis for equitable tolling, such is not the case here.  There is simply no claim that counsel intentionally mislead Petitioner into believing he should forego habeas review altogether.  Moreover, as previously stated, counsel's advise did not even address the same claims raised in the instant petition.  Thus, there is no basis to conclude that counsel's advice was deceptive or egregious.  In addition, as a general matter, the failure to give lesser offense instructions in non-capital cases does not present a federal question.  See James v. Reese, 546 F.2d 325, 327 (9th Cir. 1976); Tiger v. Workman, 445 F.3d 1265, 1268 (10th Cir. 2006); Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Turner v. Armontrout, 922 F.2d 492, 494 (8th Cir. 1991); Perry v. Smith, 810 F.2d 1078 (11th Cir. 1987).  The Ninth Circuit Court of Appeals has indicated that to find the lack of a lesser included offense instruction in a noncapital case presents a constitutional error would create a new rule under Teague v. Lane, 489 U.S. 288 (1989), because of the intercircuit split on the issue.  Turner v. Marshall, 63 F.3d 807, 819 (9th Cir. 1995), revd. on other grounds, Tolbert v. Page, 182 F.3d 677, 685 (9th Cir. 1999) (en banc); see also Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998); Chaidez v. Knowles, 258 F.Supp.2d 1069, 1095-1096 (N.D. Cal. 2003).

1    In sum, Petitioner has simply failed to show that the advice of appellate counsel on

2  matters unrelated to the claims presented in the instant petition was an extraordinary

3  circumstance preventing timely filing.  Nor has Petitioner demonstrated that he pursued his rights

4  with reasonable diligence.  Petitioner has not shown why it took him nine years to discover that

5  he could file a federal petition raising independent federal claims, other than those raised on

6  direct appeal.  Accordingly, Petitioner has failed to meet his burden demonstrating entitlement to

7  equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Jones v. Morton, 195

8  F.3d 153, 160 (3d Cir. 1999).

9        2.  Mental-Health Condition

10       Petitioner contends that his mental condition prevented him from filing a timely petition.

11       "[A] 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously,

12  an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies

13  equitable tolling' of the AEDPA statute of limitations.  Laws v. Lamarque, 351 F.3d 919, 923 (9th

14  Cir. 2003) (citing Calderon v. U.S. District Court (Kelly), 163 F.3d at 541.)  The Ninth Circuit

15  has also noted that "'[t]he firmly entrenched common law right to competence persisting beyond

16  trial is a strong indicator of a constitutional due process right' to competency in postconviction

17  proceedings or to a stay of proceedings until competence is regained."  Laws, 351 F.3d at 923

18  (citing Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir. 2003).  Equitable tolling is

19  available, however, only where a petitioner's alleged mental incompetence somehow made filing

20  a timely petition impossible.  Laws, 351 F.3d at 922-23; Spitsyn v. Moore, 345 F.3d 796, 799 (9th

21  Cir. 2003).  Thus, the mere showing of a mental illness is insufficient as the petitioner must

22  establish that it was impossible for him/her to pursue a federal action during the limitations

23  period due to profound mental incapacity.  Lawrence v. Florida, 549 U.S. at 337 (petitioner made

24  no factual showing of mental incompetency and thus fell "far short of showing 'extraordinary

25  circumstances' necessary to support equitable tolling"); United States v. Sosa, 364 F.3d 507, 513

26  (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a

27  petitioner's mental condition only in cases of profound mental incapacity."); Grant v. McDonnell

28  Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (acknowledging that courts have allowed

8

1    equitable tolling due to a person's mental condition, but only in exceptional circumstances, such

2    as institutionalization or adjudged mental incompetence of the litigant).

3         The determination of a petitioner's entitlement to equitable tolling "turn[s] on an

4    examination of detailed facts." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002); see also

5    Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc).

6         An examination of Petitioner's mental health records, submitted by Respondent, for the

7    pertinent time period of February 3, 1999, through February 2, 2000, belie his claim for equitable

8    tolling.[2]  While there is evidence to support that Petitioner suffered from "intermittent explosive

9    disorder," and was taking medication, the mere showing of a mental illness is insufficient to

10   justify equitable tolling.  Petitioner's mental illness does not rise to the level of an extensive

11   cognitively disruptive mental condition justifying the *nine*-year delay in this case.  Rather, the

12   mental health records demonstrate that the affects of his disorder were sporadic thoughts of

13   harming others or occasional violent outbursts.  In fact, during the running of the limitations

14   period, Petitioner was examined on daily and/or weekly basis, and it was regularly assessed by

15   the attending psychiatric technician that Petitioner appeared to be coherent, had a good sense of

16   humor, was inventive, had a positive attitude, cheerful, cooperative, alert, calm, did not exhibit

17   any symptoms, pleasant, smiling, conversational, oriented, friendly, well adjusted, and able to

18   communicate freely.  Even Petitioner did not report any problems and indicated he was "doing

19   fine" and was "very well."[3]  On February 24, 1999, it was found that Petitioner no longer

20   required mental health services and was discharged.[4] (Lodged Doc. No. 11.)  At all relevant

21   times, Petitioner was included in the mental health treatment population on an outpatient basis.

22

23        [2] In support of his claim, Petitioner attaches mental health records for 2001 and 2008, which are irrelevant
24   to his claim as that is well after the statute of limitations period expired.

25        [3] There were three instances when Petitioner reported having difficulty with his mental thought process,
     including in May 1999 and February 2000, he felt "depressed," but was still noted to be coherent, and in August
26   1999, he reported having murderous thoughts.  However, both immediately preceding and following these reports,
     Petitioner reported to be doing fine.  (Lodged Doc. No. 11.)  Therefore, the very brief and minimal incidents do not
27   suggest that Petitioner did not have the mental capacity to challenge his conviction, as he appeared to remain stable.

28        [4] It does appear that Petitioner was placed back in the mental health services delivery system again on
     March 24, 1999, on an outpatient status.  (Lodged Doc. No. 11.)

                                                    9

Thus, it is clear from reviewing the relevant medical records that Petitioner's mental health condition was not so severe that it rendered him unable to form rationale and coherent thoughts and prohibited his ability to file a timely petition.  Consequently, Petitioner has failed to meet his burden of demonstrating that he suffered from a profound mental incapacity to justify the nine-year delay in this instance, and equitable tolling is not warranted.  Therefore, the instant petition filed on April 8, 2009, is time barred.  28 U.S.C. § 2244(d).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and

2.  The Clerk of Court be directed to dismiss the instant petition with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 23, 2009          /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE